(No. 37415.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* OLIVE DAVIS, Defendant in Error.

*Opinion filed February 1, 1963.—Modified on denial of rehearing March 6, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (WILLIAM C. WINES, FRED G. LEACH, and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

WALTER LAVON PRIDE, of Chicago, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

An information was filed in the municipal court of Chicago charging the defendant with a violation of section

3 of article 22 of the Criminal Code of 1961. The defendant moved to strike the complaint on the ground that the pertinent portion of the statutory provision was invalid. The trial court granted the motion and the State has prosecuted a writ of error directly to this court, a constitutional question being involved.

The section of the statute with which we are concerned provides as follows: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this Act. No person shall unlawfully use, or be under the influence of or *be addicted to the unlawful use* of narcotic drugs." (Emphasis supplied.) Ill. Rev. Stat. 1961, chap. 38, par. 22—3.

For a complete understanding of the issues involved here, we must also consider the following statutory provisions: " 'Addict' means any person who unlawfully uses any narcotic drug or any person who has lost the power of self-control with reference to narcotic drugs and abuses the use of the narcotic drug to such an extent that the person or society is harmed." Ill. Rev. Stat. 1961, chap. 38, sec. 22—2(t).

"Whoever violates this Act by unlawfully using, or being under the influence of or *being addicted to the unlawful use* of narcotic drugs is guilty of a misdemeanor and, upon conviction, shall be imprisoned for a period of not less than 90 days nor more than 1 year." (Emphasis supplied.) Ill. Rev. Stat. 1961, chap. 38, par. 22—40.

In *Robinson* v. *California,* 370 U.S. 660, 8 L. ed. 2d 758, 82 S. Ct. 1417, the United States Supreme Court considered a similar statute of the State of California. That statute provided: "No person shall use, or be under the influence of, or be addicted to the use of narcotics, excepting when administered by or under the direction of a person licensed by the State to prescribe and administer narcotics. It shall be the burden of the defense to show that it comes

within the exception. Any person convicted of violating any provision of this section is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days nor more than one year in the county jail * * *." Sec. 11721, California Health and Safety Code.

In the defendant's trial in the *California* case, the trial judge instructed the jury that the portion of the statute referring to addiction was based upon a condition or status rather than an act. The jury was instructed that addiction was a continuing offense which subjected the offender to arrest at any time before he reformed and the jury was instructed that all the People had to show was either that the defendant had used narcotics in Los Angeles County or that while the defendant was in the city of Los Angeles he was addicted to the use of narcotics. The Supreme Court accepted the instructions of the trial court as a State court ruling on a question of State law which was binding upon the Federal court. The Supreme Court pointed out that under this construction a person could be guilty of the offense of narcotic addiction whether or not he had ever used or possessed any narcotics within the State of California, and whether or not he had been guilty of any anti-social behavior there. The court noted that it was generally recognized that narcotic addiction was an illness and, moreover, an illness which might be contracted innocently or involuntarily. The court held that the California statute, which punished a person afflicted with the illness of narcotic addiction without proof of the use of narcotics in California or proof of any irregular behavior there, inflicted a cruel and unusual punishment in violation of the fourteenth amendment of the United States constitution. The trial court in the present case granted the defendant's motion to strike the complaint, stating that in his opinion the Illinois statute was substantially the same as the statute of the State of California, and that the *Robinson* case was therefore controlling.

On this writ of error, the State attempts to distinguish the Illinois statute from the statute involved in *Robinson*. It is argued that in Illinois an addict is defined as a person who *unlawfully* uses any narcotic drug. The State argues that in order for the use to be unlawful the use would have to occur within the State of Illinois since Illinois could not legislate against the use of narcotics outside of its jurisdiction. It is therefore urged that under the Illinois statute a conviction would not be authorized in the absence of proof that the accused had used narcotics in violation of Illinois law. It seems to us that this argument misses the point. The legislature of Illinois has made it a criminal offense for a person to be addicted to the unlawful use of narcotic drugs. It is the addiction which is the crime and not the use, and the statute does not require that the addiction must have been acquired unlawfully. Under the language of the act involved here, a person could acquire an addiction for narcotic drugs innocently from the use of medically prescribed narcotics. Although the addiction was acquired innocently the continued use of narcotics as a result of this innocently acquired addiction would be unlawful. Such a person would come within the statutory definition of one who is addicted to the unlawful use of narcotics. Also, a person might become addicted to the use of narcotics through the use of such drugs in another jurisdiction. Under this statute such a person would be subject to arrest and conviction in Illinois for the crime of being an addict if he happened to be arrested in the State of Illinois at a time when he was addicted to the use of narcotic drugs, for the use to which he was addicted would be "unlawful." We therefore are of the opinion that the use of the term "unlawful" in the Illinois statute does not distinguish this statute from the California statute.

The State points out that the Illinois statute also defines an addict as a person who has lost the power of self-control with reference to narcotic drugs and abuses the use of the

narcotic drug to such an extent that the person or society is harmed. The State contends that under this definition the addicted person would have to be guilty of some anti-social behavior in Illinois in order to qualify as an addict within the meaning of the Illinois statute. We are not persuaded by this argument. Here too, a person might innocently become a narcotics addict or might acquire his addiction in another jurisdiction and this addiction might be such that the person or society might be harmed by the addiction. No overt act of anti-social behavior is required by the statute and we would not be justified in reading such a requirement into the language of the statute.

We are of the opinion that the statute involved here is subject to the same constitutional infirmities as the statute involved in the *Robinson* case. To the extent that section 3 of article 22 makes it a criminal offense to be under the influence of or be addicted to the unlawful use of narcotic drugs and to the extent that section 40 of article 22 imposes a penalty for such an offense, we hold that these sections are invalid. The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*