(No. 37579.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EVERETT MILLIGAN, Plaintiff in Error.

*Opinion filed May 27, 1963.*

EVERETT MILLIGAN, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and ROSCOE D. CUNNINGHAM, State's Attorney, of Lawrenceville, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Everett Milligan, was indicted in Lawrence County on the charge of extortion by threat. He was represented by counsel of his own choosing and after several continuances, on November 28, 1960, withdrew his plea of not guilty and entered a plea of guilty. He was sentenced to the penitentiary for a period of not less than five nor more than nine years. Thereafter on July 1, 1961, he filed a petition under the Post-Conviction Hearing Act and the court appointed counsel to represent defendant in that petition. After evidence was heard, the petition was

denied on December 18, 1961. The case is presently before us on writ of error, the defendant appearing *pro se.*

It is apparently the defendant's contention that he was not guilty by reason of insanity. It appears from the record that the defendant was examined, on motion of the State, by a psychiatrist who prepared a written report dated June 22, 1960, and that defendant's own counsel had full access to the medical records and the psychiatrist's report prior to the plea of guilty.

Defendant argues, however, that only an insane person would assault a neighbor in the manner alleged in the indictment. Nevertheless, there is absolutely no indication of insanity appearing in this record. At the time of the entry of the plea of guilty, defendant was present with counsel and was fully and completely admonished and warned of the consequences of his plea. Although the psychiatric report does not appear in the record, it is clear that prior to the entry of defendant's plea of guilty, his attorneys were fully aware of the results of the psychiatric examination. It must be concluded that the report did not justify an insanity defense. There is nothing in this record to raise any *bona fide* doubt as to defendant's sanity at the time of the entry of his plea.

We stated in *People* v. *Baker,* 26 Ill.2d 484: "The key to requiring a sanity trial is the existence of a *bona fide* doubt as to the defendant's present sanity. The trial court, therefore, has discretion in determining whether the facts of a particular case warrant a sanity hearing." In addition to the lack of a *bona fide* doubt as to defendant's sanity, counsel of his own choosing had full access to his psychiatric examination and were able to determine if defendant was capable of co-operating in his own defense. His counsel resolved this question in the affirmative. We, therefore, think it clear that defendant was sane and capable of co-operating with counsel at the time of the entry of his plea of guilty.

Defendant further discusses his mental shortcomings at the time of the commission of the crime. However, the defense of insanity at the time the crime was committed is an affirmative one and unless raised is waived. *Glenn v. People,* 9 Ill.2d 335.

We have carefully examined the entire record in this case and find the proceedings in the trial court to have been free of error. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*