(No. 39193.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
EARL NETTLES, Appellant.

*Opinion filed January 25, 1966.*

CHESTER A. LIZAK, of Chicago, appointed by the court,
for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant Earl Nettles was found guilty by the circuit court of Cook County of the crime of unlawfully possessing narcotics and sentenced to the Illinois State Penitentiary for a period of not less than 5 nor more than 25 years. He contends that the trial court erred in denying his motion to suppress evidence and on other grounds.

Packages were taken from the person of the defendant at the time of his arrest on July 15, 1964, which contained heroin. The arresting officers had neither an arrest warrant nor a search warrant, but allegedly acted upon information received from an unidentified informant. Defendant contends that this was an unlawful search and seizure in that the uncorroborated testimony of a police officer as to the existence and reliability of his alleged source of information is not reasonable grounds for arrest without a warrant. Defendant requested the informer be produced before the court at a time when defendant or his counsel were not present so that the court could determine the existence of the informer. The trial court sustained the objection of the prosecutor to cross-examination of the arresting officer as to the identity of the informer, overruled the motion to suppress and denied the request to produce the informer.

Officer James Webster testified that while working with two partners an informer told him that a man by the name of Earl and his girl friend were selling narcotics near 43rd Street and Indiana Avenue and 47th and Indiana. The informer gave him a complete description of Earl and his girl friend. Some hour-and-a-half later, defendant and a woman

were walking in the vicinity mentioned. They were stopped by officer Webster who spoke to Earl, whom he had previously known. A conversation about narcotics took place. Defendant was searched by Webster's partner, officer Phil Williams. Three small packages of heroin were found.

Officer Webster had known Earl for seventeen or eighteen years, had known him to be an addict, and had arrested him in the past.

Officer Webster testified he had used information supplied him by this informer many times over two and one-half years, and that his information had resulted in possibly two or three convictions. He stated his informer was a man he refers to as Ernie. The State objected to disclosure of the informer's name and the court sustained this objection.

Defendant's counsel requested that the informer be produced before the court at a time when defendant or his counsel were not present so as to confirm his existence. The court denied this request.

An issue similar to that here raised was passed on by this court in *People* v. *Durr,* 28 Ill.2d 308, where we held that reasonable grounds for an arrest may be found in information furnished by an informer if the reliability of the informer has been previously established or independently corroborated. In that case officer Webster stated that he had received information previously from the same informer and that such information had proved to be accurate. We there pointed out that the privilege of the Government to withhold the names of those furnishing information concerning crimes to law enforcement officers is designed to encourage citizens in their obligation to aid in enforcement of the law by preserving their anonymity.

The problem fundamentally presents a question of the balancing of the public interest in protecting information of organized crime against the individual's right to protection against unreasonable searches and false arrests. As the Supreme Court stated in *Roviaro* v. *United States,* 353

U.S. 53, 77 S. Ct. 623, 1 L. ed. 2d 639, "whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors."

As was stated in *People* v. *Mack,* 12 Ill.2d 151, where there is no evidence that the informer either participated in the crime or helped set up its commission or was present at the time of the arrest, amplification or contradiction of his information would be of no assistance to defendant's defense.

Defendant contends that the reliability of the informer was not "sufficiently" established. The officer's answer that former information he had received from this informer had resulted in "possibly two or three convictions" presented sufficient proof of trustworthiness in view of the fact that no further questions were asked of the officer on this matter.

Defendant asks us to overrule the *Durr* decision and cites cases from other jurisdictions which have reached a contrary result to the *Durr* case. As we recognized in that case, there are decisions in some other jurisdictions to the contrary. However, we there weighed the two policies. We there decided and we still are of the opinion that determination of probable cause by reliance upon the officer's testimony as to the reliability of an otherwise anonymous informer is likely to produce evils of far less consequence than those resulting from depriving the public of an important source of information necessary to the suppression of a particularly vicious form of crime.

Nor was it error to deny the request that the informer appear before the court in a private hearing. In this case the defendant had waived a jury. The trial judge had no authority to conduct any kind of private hearing. He was entitled to determine the credibility of the officer's testi-

mony. Based upon this determination, he could determine reliability so that the denial of this request was not error. To require the informer to appear before the court even at a private hearing could well destroy entirely the benefits and purpose of the "informer's privilege." Certainly even the most reliable informer well might fail to disclose his information if to do so rendered it likely that he would be required to appear in court.

Finally, defendant contends that sections 3 and 38 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1963, chap. 38, pars. 22—3 and 22—40,) when applied to a known narcotics addict are unconstitutional in making possession of narcotics a criminal offense. He relies upon *Robinson* v. *California,* 370 U.S. 660, 8 L. ed. 2d 758, 82 S. Ct. 1417, and *People* v. *Davis, 27* Ill.2d 57.

Such cases do not render these statutes unconstitutional. The *Robinson* case held that a State statute which imprisons a person due to his condition or status violates the fourteenth amendment. *People* v. *Davis* declared sections 3 and 38 of the Uniform Narcotic Drug Act were invalid insofar as they imposed a penalty on an offense of being under the influence of or addicted to the unlawful use of narcotic drugs. This case, too, ruled a portion of the statute invalid only insofar as it penalized the status or condition of addiction.

These decisions did not exclude addicts from the provisions of the statute as defendant's contentions would propose, but only held invalid a penal law which involved no voluntary act. The statutory sections here involved were in no way unconstitutional despite the fact that in the instant case they bar possession of narcotics by a known addict.

Finding no error in the decision of the trial court, the judgment is affirmed.

*Judgment affirmed.*