(No. 40422.- )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
HENRY JACKSON, JR., Appellant.

*Opinion filed June 21, 1968.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago,
(JAMES R. THOMPSON, JAMES J. DOHERTY, and MARSHALL
J. HARTMAN, Assistant Public Defenders, of counsel,) for
appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and JAMES B. ZAGEL, Assistant State's Attorneys,
of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

After a trial before a judge of the circuit court of Cook
County, the defendant, Henry Jackson, Jr., was found
guilty of unlawful possession of narcotic drugs. (Ill. Rev.
Stat. 1965, chap. 38, par. 22—3.) He was sentenced to im-
prisonment in the penitentiary for not less than three nor
more than four years, the sentence to run concurrently with

a designated Federal sentence. On this direct appeal he contends that his conviction and imprisonment constitute cruel and unusual punishment in violation of the eighth and fourteenth amendments to the constitution of the United States.

This contention is based upon a projection of *Robinson* v. *California* (1962), 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417, which held that the status or condition of narcotics addiction could not be made a criminal offense, punishable by imprisonment. The defendant argues that the decision in *Robinson* means that possession of narcotic drugs for self-administration "by an addict is an involuntary and compulsive incident of the disease of addiction," which can not be punished.

In deciding *Robinson*, the Supreme Court observed, "A State might impose criminal sanctions, for example, against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics within its borders." (370 U.S. at 664, 8 L. Ed. 2d at 762.) And in *People* v. *Nettles* (1966), 34 Ill.2d 52, *cert.* denied, 386 U.S. 1008, 18 L. Ed. 2d 448, this court rejected the same argument that the defendant now advances. The defendant would have us disregard what was said by the Supreme Court in *Robinson*, and overrule our decision in *Nettles*.

We do not reach the legal contentions urged by the defendant because the record in this case does not show that his possession of the heroin was the involuntary result of his addiction. At the hearing upon the defendant's motion to suppress the evidence, two police officers testified that a reliable informer had told them that the defendant had just sold heroin to him, and that the defendant had narcotics in his shoe. They arrested the defendant at once and four tinfoil packages were found in his shoe. After the motion to suppress was overruled and the defendant had waived a jury trial, it was stipulated that the evidence heard on the motion to suppress should be considered as

the evidence heard upon the trial, and it was further stipu-
lated that the substance found by the police officers in the
defendant's shoe was heroin.

At the hearing on the motion to suppress, the defendant
was asked on cross-examination, "You were addicted to
narcotics on the date the police officers picked you up?"
When the defendant's attorney objected, the assistant
State's Attorney responded, "It's a question that goes to
his credibility." The defendant's attorney then stated: "It
is not material to me whether he is addicted or not. It is a
question of whether or not he has ever been convicted of
anything which would impeach his testimony and since
counsel has nothing like that he is using everything he has
got." The trial judge sustained the objection, ruling, "You
may inquire as to the condition of the defendant at the
time of his arrest."

The record thus shows that in the trial court the defend-
ant's attorney had disclaimed any interest in his status as
an addict, and the trial judge had limited the scope of the
State's attempted impeachment to questions concerning the
defendant's condition at the time of his arrest as it affected
his testimonial capacity. Nevertheless, his present attorneys
assert that the following passage at a later stage of the de-
fendant's cross-examination shows that his possession of
the heroin was the involuntary result of his addiction:

"Q. And you had 4 ten dollar bags, is that correct?
A. That is right.
Q. And how big a habit did you have?
A. How big a habit did I have?
Q. Yes.
A. It did enough for me to shoot what I had.
Q. To shoot the four bags?
A. Yes, that is right."

Apart from any doubts that might arise from the fact
that these answers were elicited in an attempt to impeach
the defendant, who was testifying in support of his motion

to suppress (see *Simmons* v. *United States* (1968), 39 U.S. 377, 19 L. Ed. 2d 1247,) the defendant's answers do not establish that his possession of the heroin was an involuntary result of physical dependence. Neither the amount nor the purity of the drug is shown, and the record contains nothing to show the frequency of its use.

The contention presently advanced on behalf of the defendant was waived, if not affirmatively rejected, in the trial court, and it is without factual basis in the record.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.