People of the State of Illinois, Plaintiff-Appellee, v. James Felder and Anthony Thomas (Impleaded), Defendants-Appellants.

Gen. Nos. 51,821, 51,822.

First District, Second Division.

October 22, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall J. Hartman and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert B. Rosen, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

James Felder, his wife Anita Felder, and Anthony Thomas were tried before a jury for the crime of armed robbery. James Felder and Anthony Thomas were found guilty as charged and each was sentenced to a term of

seven to fifteen years in the penitentiary. Their appeals have been consolidated. The trial court directed a verdict for Anita Felder at the close of the State's case.

The record shows that on the morning of Sunday, February 20, 1966, Herbert Alpert was in his grocery store on south Calumet Avenue in Chicago. With him were his daughter and three men. Shortly after 8:00 a. m. two men entered the store and announced a holdup. One of the men, later identified as James Felder, carried a sawed-off shotgun and forced Miss Alpert away from the cash register and toward the rear of the store; the other man, later identified as Anthony Thomas, took money from the register. Felder's attention was momentarily distracted and one of the men who had been in the store wrested the shotgun from Felder and held him at bay. Thomas fled with $265 in cash.

The police were summoned and James Felder and several of the other persons present were questioned; a description of Anthony Thomas was given to the police. A "door-to-door" search was made of the immediate area and Thomas was found in an apartment on south Michigan Avenue with Anita Felder. Thomas was placed under arrest and was returned to the Alpert store where he was identified as one of the holdup men. The officers returned to the apartment, which they then searched, and $262 was recovered from the apartment and from the person of Anita Felder. Anita Felder was at this time placed under arrest and taken into custody.

All three defendants were arraigned on March 15, 1966. In response to questions of whether they were represented by counsel, both James Felder and Anthony Thomas replied that the "Lord God of Israel" was their lawyer. James Felder also denied being "James Felder," and stated he was "Simeon Ben Israel." Counsel was appointed for both men, as well as for Anita Felder, and the case was assigned for trial.

On April 7, 1966, defense counsel moved that the court order a behavior clinic examination of James Felder and Anthony Thomas. A report was returned on May 10th showing that, while the two men were suffering from "sociopathic personality disturbance," they knew the nature of the charge against them and were able to cooperate with counsel. When the case came on for trial on May 24th, the defense counsel again filed a motion before the court to "impanel a jury . . . to inquire into the sanity of the said defendants" on the ground that counsel had attempted to interview them, but that they were not able to cooperate with him and did not know the nature of the charges against them. Defense counsel stated to the court that it appeared both men were suffering from "auditory and visual hallucinations of a religious—a very severe religious nature." The motion was denied and the cause proceeded to trial.

The State's case was presented substantially as is set out above. During the examination of one of the arresting officers concerning the arrest of Anita Felder and the search of the apartment, defense counsel raised an objection and made an oral intratrial motion to suppress any evidence found as a result of that search. The motion was resisted on the ground that it was untimely, the State arguing that defense counsel had been informed before the trial commenced that the State intended to introduce the matters found in connection with the search as evidence. The motion was denied.

Anita Felder was called as a witness for the defense, expressly for the purpose of showing that James Felder was not competent to stand trial. She stated that she had been married to James Felder for two years and that his religious beliefs and overall attitude had changed approximately five months prior to the trial. James Felder "found out who he was and who his God was." Anita Felder further stated that her husband was a Hebrew,

that he was "Simeon Ben Israel," and that his temple was his mind. The witness stated, among other matters, that she was unable to communicate with Felder, as such, but only with "Simeon Ben Israel."

James Felder testified in his own behalf. His entire testimony revolved around his religious beliefs and experiences, and related to his "true identity" as a Hebrew, the "second son of Jacob from the 12 tribes of Israel." He testified that "James Felder is dead . . . he gave up the ghost." Felder further testified that he knew nothing of the crime of which he was being charged, and stated that he was aware of being charged with a crime which he did not commit. Anthony Thomas did not testify, nor did he offer any other evidence in his own behalf.

After James Felder's testimony the court recessed for lunch. That afternoon the jury was released until the following Tuesday, over the Memorial Day weekend. After the jury had been released, the court requested of defense counsel whether he desired a competency hearing as to James Felder. Counsel answered in the affirmative, and a hearing was set for the following Tuesday morning.

On Tuesday morning the court instructed prospective jurors as to the purpose of, and the law governing a competency hearing. The clerk was ordered to swear the jurors and to call twelve of them to the jury box. A recess was then taken, and the court and counsel appeared in chambers. After some discussion, the court ordered that the jury which was called for the competency hearing be dismissed, that James Felder be denied a competency hearing and that he be returned to the "status quo." The apparent reason behind the court's action in this regard was that defense counsel stated to the court that the competency hearing was to be held on the court's own motion, whereas the court was of the opinion that the law did not require a hearing "any time either side brings up the subject."

337

Appellants maintain that the trial court committed error in denying their intratrial motion to suppress the evidence seized from the apartment where Anthony Thomas and Anita Felder were found, for the reason that the defense was taken by surprise when the State indicated it would attempt to introduce the evidence at trial. We disagree.

■■ The record shows that counsel was made aware of what evidence the State intended to introduce at trial, as is indicated by a discussion which took place between counsel at the time the motion to suppress was made. The argument is raised, however, that defense counsel was under the erroneous impression that the apartment was searched and the evidence seized at the time when both Anthony Thomas and Anita Felder were arrested, whereas they were not arrested at the same time, the search and seizure taking place when Anita Felder was later arrested. The fact is that defense counsel knew, prior to trial, what evidence the State intended to offer. Under the circumstances, no timely motion to suppress having been made, defendants waived the right to object to the introduction of the evidence at trial. (See Ill Rev Stats 1965, c 38, par 114–12.) The trial court did not commit error in denying defendants' intratrial motion to suppress evidence.

The case of People v. Thomas, 88 Ill App2d 71, 232 NE 2d 259, cited by defendants in support of their position, is not in point for the reason that in Thomas, the intratrial motion to suppress was held to have been timely made, the defense counsel having had no advance information that certain evidence seized from defendant's home was to be introduced at the trial. Defendant there was truly surprised and the court properly held the intratrial motion should have been allowed and defendant granted a hearing thereon.

■ ■ Appellants' second point is that they should have been allowed a complete hearing on the question of

338

whether they were competent to stand trial. It is well settled that where a doubt arises, whether from suggestions of counsel, testimony heard by the court, or the like, as to the ability or competency of the accused to stand trial, it is the duty of the trial court to impanel a jury in order to determine whether the accused is able to cooperate with counsel and understand the nature of the charge against him. People v. Baker, 26 Ill2d 484, 187 NE2d 227. However, the doubt which arises must be a bona fide doubt, and it is consequently within the trial court's discretion to determine whether a particular set of facts warrants a sanity hearing. See People v. Milligan, 28 Ill 2d 203, 204, 190 NE2d 753; Ill Rev Stats 1965, c 38, par 104–2(b).

■ In the case at bar, at the suggestion of the trial counsel and in light of the representations made by James Felder and Anthony Thomas at the arraignment that the "Lord God of Israel" was their attorney, the trial court properly ordered that they be examined by a psychiatrist to determine whether they were able to stand trial. The report showed that both men were able to stand trial. Defense counsel thereafter moved for a complete hearing on the question, which motion was denied by the court.

■ We are of the opinion that the trial court did not abuse its discretion in denying the motion, for the reason that the court had before it favorable reports by a psychiatrist as to the ability of both men to stand trial and could reasonably have concluded that there was no bona fide doubt raised as to their competency to stand trial. See People v. Milligan, 28 Ill2d 203, 204, 190 NE2d 753; Ill Rev Stats 1965, c 38, par 104–2(b).

■ However, it is clear that during the course of the testimony of James Felder and Anita Felder, doubt arose in the mind of the court as to the ability of James Felder to stand trial. At the close of Felder's testimony, the court inquired of defense counsel, without a motion having been made therefor whether counsel desired a sanity

hearing for James Felder. A hearing was scheduled for the following week, but was not held. We are of the opinion that, under these circumstances, the court should have allowed a hearing on the question of the competency of James Felder to stand trial. People v. Baker, 26 Ill2d 484, 187 NE2d 227.

For the foregoing reasons the judgment against defendant Anthony Thomas is affirmed. The judgment against James Felder is reversed and the cause as to him is remanded for further proceedings not inconsistent with the views expressed. See People v. Thompson, 36 Ill2d 332, 223 NE2d 97; People v. McDowell, 37 Ill2d 258, 226 NE2d 25.

Judgment against Anthony Thomas affirmed. Judgment against James Felder reversed, and the cause as to him remanded with directions.

McNAMARA and LYONS, JJ., concur.