(No. 41381.— ▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
BILLY RAY JONES, Appellant.

*Opinion filed September 26, 1969.*

JONATHAN T. HOWE, of Chicago, (JENNER & BLOCK, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal by defendant Billy Ray Jones from an order of the circuit court of Cook County dismissing

defendant's post-conviction petition after a hearing on the ground that there was no denial of constitutional rights in connection with his conviction of deviate sexual assault. The issues are whether defendant was convicted for an involuntary act arising from his homosexuality and thereby subjected to cruel and unusual punishment in violation of the eighth and fourteenth amendments of the Federal constitution; and whether the trial court's failure to raise *sua sponte* the issue of the voluntariness of defendant's conduct deprived him of due process of law.

Defendant Billy Ray Jones was indicted for the offense of deviate sexual assault (Ill. Rev. Stat. 1963, ch. 38, par. 11—3,) committed on December 27, 1964. The indictment alleged that he committed certain homosexual acts, including oral copulation, with a 16-year-old boy, and used a knife to force the boy's participation. On May 12, 1965, on the advice of counsel and after being admonished of his rights by the trial court, defendant changed his plea to guilty. He was sentenced to a term of 1 to 14 years in the Illinois State Penitentiary. Defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act on January 10, 1967, alleging that his court-appointed counsel had not apprised him of the consequences of his plea of guilty and failed to raise the question of defendant's sanity. The court allowed defendant's motion for the appointment of counsel other than the public defender, and counsel filed an amended petition on August 2, 1967, alleging that defendant was a homosexual, that the acts he pleaded guilty to were involuntary because they resulted from the disease of homosexuality, and, therefore, the punishment was in contravention of the eighth and fourteenth amendments of the Federal constitution. The petition also complained of the incompetency of counsel, the failure of the court to raise on its own motion the issue of the voluntariness of defendant's acts, and other diverse grounds not argued in this court.

On November 29, 1967, a hearing was held on defendant's amended post-conviction petition at which there was testimony by defendant, by a psychiatrist, and by defendant's counsel at the original trial. Defendant testified that he commenced homosexual activity at the age of 10, and continued the practice through the years to relieve tensions. He admitted that his five prior convictions all resulted from his homosexual activity. With respect to the present conviction defendant explained he was angry with a girl friend about a date, went to the bowling alley to find another girl, and while there entered the men's room where he encountered and "propositioned" a 16-year-old boy. They went to defendant's apartment where they engaged in acts of mutual masturbation and oral copulation. Defendant denied he used a knife to force the boy to perform the acts, or that he used violence in any prior homosexual activities, although the indictment to which he had pleaded guilty alleged that the knife was the method of force used. Defendant further stated that he was unable to control his desire to enter into homosexual acts in 1964 or prior years, but can now control himself and does not consider himself a homosexual. He admitted on cross-examination that he understood the nature of the charges against him, understood his counsel, and that his counsel understood him.

The psychiatrist, who examined defendant on three occasions and studied defendant's records, was of the opinion that on December 27, 1964, defendant was a homosexual who used homosexuality as a way of dealing with his problems; that petitioner's acts were "involuntary" because he had no capacity to delay tension or the relief of tension; that he had limited control over impulses, but knows right from wrong and what is appropriate to a social situation.

The assistant public defender, who represented defendant in the trial court, testified that he had over 20 pretrial discussions with defendant, that there was no question in his mind that defendant knew the nature of the charge

and was able to co-operate with counsel to the degree of describing full particulars respecting the charge. Counsel also stated that defendant was probably in Menard because of his homosexuality, and that defendant had requested the trial court that he be given psychiatric care in the Illinois prison.

On the basis of all the evidence at the post-conviction hearing defendant's petition was dismissed and he has appealed to this court.

The inquiry in this post-conviction proceeding is limited to whether defendant was denied substantial constitutional rights in connection with his criminal conviction of deviate sexual assault. That crime is defined in the Illinois statutes (ch. 38, pars. 11—2, 11—3,) as follows:

"§ 11—2. Deviate Sexual Conduct.] 'Deviate sexual conduct,' for the purpose of this Article, means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another.

"§ 11—3. Deviate Sexual Assault.] Any person of the age of 14 years upwards who, by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits deviate sexual assault."

Defendant's plea of guilty to the indictment admits the facts charged therein (*People* v. *Milani,* 34 Ill.2d 524, 525-526), and the record belies his allegations that he was not properly apprised of the consequences of that plea, in that it shows he was fully advised of his rights by the court, and had competent counsel who conferred with him at length. On this appeal defendant argues, first, that his conduct was involuntary and a manifestation of his disease of homosexuality, and consequently, under the rule promulgated in *Robinson* v. *California,* 370 U.S. 660, 667, 8 L. Ed. 2d 758, 82 S. Ct. 1417, any punishment for such conduct violates his constitutional rights under the eighth and fourteenth amendments.

In our view neither the evidence in this case, nor the law,

supports any such rationale. Defendant's own testimony in no way establishes that his acts were involuntary. The sequence of events—the argument with his girl friend, his visit to the bowling alley, his going to the men's room, his leisurely selection and "propositioning" of the boy, their going to defendant's apartment and engaging in various types of deviate sexual behavior—hardly creates a picture of compulsive involuntary conduct. Then, too, defendant's testimony that even though he had no psychiatric treatments in prison, he is now cured of his homosexuality and can now control himself, does not suggest an initial conduct of compulsion.

Even if we disregard defendant's less than convincing testimony and accept the furthest reaches of the testimony of the psychiatrist, it in no way establishes that defendant's deviate sexual assault was involuntary, but indicates at most the defendant had limited control of his impulses, and that homosexuality was a pattern of resolving his life's problems. The record is devoid of evidence that defendant was unable to relieve his tensions by any other means, or that his homosexuality was restricted to a deviate form, or that he was unable to control his violence. Furthermore, even if the evidence had established that defendant's deviate sexual assault was in some sense involuntary, the law does not bestow constitutional immunity on such acts.

In *Robinson* v. *California,* 370 U.S. 660, 667, relied upon by defendant, the United States Supreme Court held that a California statute making it a crime to be addicted to narcotics even though the person never touched any narcotic drug within the State, or was found guilty of any irregular behavior in the State, inflicted a cruel and unusual punishment in violation of the eighth amendment. The scope of the rule in *Robinson* was limited in the majority opinion of the United States Supreme Court in *Powell* v. *Texas,* 392 U.S. 514, 533, 20 L. Ed. 2d 1254, 88 S. Ct. 2145. There the court refused to hold unconstitutional, as impos-

ing cruel and unusual punishment, a Texas statute punishing the crime of public drunkenness. In distinguishing *Robinson,* the court explained that the California statute was objectionable because it punished a condition without reference to any acts committed in the State, whereas the Texas statute involved in *Powell,* punished not alcoholism, but the specific act of public drunkenness committed in the State. Moreover, the expansion of *Robinson,* also advanced by defendant here, which would construe the eighth amendment as prohibiting the punishment for any involuntary act, was also rejected by the court in *Powell,* which stated at p. 533 : "It [*Robinson*] thus does not deal with the question of whether certain conduct cannot constitutionally be punished because it is, in some sense, 'involuntary' or 'occasioned by compulsion'." That language in our opinion certainly disposes of defendant's contention that *Robinson* is authority for holding that conduct, if involuntary, in some sense, cannot be constitutionally punished by virtue of the eighth amendment.

This court has also rejected any expansion of the rule in the *Robinson* case. (*People* v. *Jackson,* 40 Ill.2d 143; *People* v. *Nettles,* 34 Ill.2d 52, *cert.* den. 386 U.S. 1008.) In *Jackson,* the defendant, convicted of the crime of "possession" of narcotic drugs, argued that such "possession" was an involuntary or compulsive incident of the disease of addiction, and therefore could not be punished, because that would constitute cruel and unusual punishment under the *Robinson* rule. In rejecting that argument, we emphasized that the United States Supreme Court in *Robinson* recognized that a State could punish and impose criminal sanctions against the unauthorized manufacture, sale, purchase, or possession of narcotics within its borders; and we also noted that we had already distinguished in *Nettles* between crimes which imprison a person for addiction, and those which imprison for the act of illegal possession, even if it is by a known addict.

Defendant here argues, as did the defendant in *Jackson*, that his perverted conduct was involuntary and an incident of his homosexuality and could not be constitutionally punished. It is evident, however, that homosexuality and a deviate sexual assault are not synonymous. Defendant here was not convicted and punished for his condition or status of being a homosexual, any more than the defendant in *Jackson* was punished for being a narcotics addict, or the defendant in *Powell* was punished for being an alcoholic. The crime punished here was the act of a sexual deviate assault, involving oral copulation inflicted by force. Punishment for that act should not be precluded because defendant was a homosexual, any more than punishment for "possession" of narcotics would be barred because defendants were addicts in the *Jackson* and *Nettles* cases.

It is evident from a review of the cases that courts have not embraced defendant's theory that involuntary anti-social acts in violation of a statute are the result of illness, and therefore are not punishable by virtue of the eighth amendment prohibition against cruel and unusual punishment. Quite the contrary, Justice Black, in his concurring opinion in *Powell* v. *Texas* (392 U.S. at 544), admonished against the deleterious effects on the criminal law of any such approach: "If the original boundaries of Robinson are to be discarded, any new limits, too, would soon fall by the wayside, and the Court would be forced to hold the States powerless to punish any conduct that could be shown to result from a 'compulsion,' in the complex, psychological meaning of that term. The result, to choose just one illustration, would be to require recognition of 'irresistible impulse' as a complete defense to any crime; this is probably contrary to present law in most American jurisdictions."

On the basis of our analysis defendant's conviction of the offense of deviate sexual assault in no way violated his constitutional rights under the eighth amendment.

Nor can we accept defendant's further contention that

he was denied due process of law in violation of the fourteenth amendment because the trial court failed to raise *sua sponte* the issue of the voluntariness of his acts when it became known that he was a homosexual. In support of that novel theory defendant draws analogy to the duty of the court to explore the necessity of a sanity hearing where there is a showing of a *bona fide* doubt of defendant's sanity. His authority for such an analogy is an article on alcoholism and the cases of *People* v. *Milligan*, 28 Ill.2d 203, and *People* v. *Robinson*, 22 Ill.2d 162. However, we perceive no scientific or legal relevancy of the dissertation on alcoholism to the problem of homosexuality involved here; and no authority in either the *Milligan* or *Robinson* cases requiring a court, upon being informed that defendant is a homosexual, to explore his sanity and possible psychiatric aspects of his defense. The rules expounded in *Robinson* at p. 167 require only that the trial court impanel a jury to determine whether the accused is capable of understanding the nature of the charges against him and of co-operating with his counsel where, before or during trial, facts are brought to the attention of the court which raise a *bona fide* doubt of defendant's sanity. Moreover, the opinion imposes stringent requirements before a *bona fide* doubt of sanity is deemed to be raised.

In this case there was not a scintilla of evidence of defendant's insanity or his lack of competence to stand trial. The only evidence relating to his mental condition involved his homosexuality, and that condition has in no way been equated in the law with insanity or incompetency. (*People* v. *Jones*, 6 Ill.2d 252, 256.) Furthermore, at the post-conviction hearing defendant's counsel testified that on the basis of some 20 conferences with defendant at the time of the original trial, there was no question in his mind but that defendant "did very well know the nature of the charge," and co-operated with counsel to the fullest extent in the preparation of his defense. Also, the record is also devoid of

any evidence that such counsel was in any way incompetent or ineffective. Under such circumstances it is not clear how the trial court could be deemed to be derelict in affording defendant due process of law in any respect. It has never been the province of the court to act as defense counsel, or to explore all possible defenses. Due process of law imposes no such duty on our courts, and we cannot and would not invent any such novel requirement.

In the absence of any infringement of defendant's constitutional rights in connection with his original conviction, there is no basis for post-conviction relief. The circuit court, therefore, properly dismissed defendant's petition, and its judgment is affirmed.

*Judgment affirmed.*