People of the State of Illinois, Plaintiff-Appellee, v. James Felder and Anthony Thomas, Defendants-Appellants.

Gen. Nos. 52,496, 52,497, 52,688.

First District, Second Division.

July 28, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Thomas Holum, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendants were found guilty by a jury of the crime of armed robbery, and each was sentenced to a term of fifteen years to thirty years in the penitentiary. They appeal, contending, inter alia, that the trial court committed error in failing to hold a hearing to determine whether they were competent to stand trial.

It appears that at their arraignment in March 1966, both defendants were questioned as to whether they were represented by counsel. Both men replied that their counsel was "El-elohe, the Lord God of Israel" and "The

Lord God of Israel." James Felder also denied that he was "James Felder," and stated that he was "Simeon Ben Israel." The Public Defender was, thereupon, appointed for both defendants.

Pursuant to motions filed by defendants' counsel, the trial court ordered that both men be subjected to an examination by Dr. Haines of the Behavior Clinic of the Criminal Division to determine the sanity of each defendant and his competence to stand trial. The Behavior Clinic reports which were returned were substantially the same as reports returned several months earlier in connection with another armed robbery charge pending against these defendants.

The report on Thomas recited that he gave his name as "Aza Riah" and that he stated that "Anthony Thomas" was dead. He further stated that he came from the East "430 years ago," and that the Lord scattered people over the earth because of sins and transgressions. The report concluded that Thomas was of the Muslim Religion, that he understood the nature of the charge against him, and that he was able to cooperate with his counsel.

The report on Felder recited that he recognized the examiner as the person who spoke with him on a prior occasion, and who had also testified at an earlier trial. Felder also spoke somewhat incoherently concerning God, evil, salvation, and the like. The report concluded that Felder was of the Muslim Religion, that he understood the nature of the charge against him, and that he was able to cooperate with his counsel.

Both reports were submitted to the trial court prior to the trial on October 4, 1966. Defense counsel stated to the court after the reports were submitted that he had a conference with the defendants and that he had no evidence to offer in contradiction of the reports. The court thereupon called the case for trial.

406

Neither defendant took the stand at the trial. After the jury returned their verdicts, and prior to the sentencing, defense counsel made the following statement to the court:

> "Furthermore, with regard to these defendants, I think Your Honor is well aware of the reasons why these men will not come to their defense. They are Israelites and their very religion keeps them from helping themselves. . . .
>
> "These gentlemen are not being obstinate, to cause the Court difficulty, they firmly believe that according to their way of thought that this Court is without jurisdiction to judge them. . . ."

Defendants had been found guilty on a separate armed robbery charge in May 1966. They were arraigned on that charge at the same time they were arraigned on the charge in the instant case. Likewise, as here, the trial court had ordered a Behavior Clinic report on each defendant prior to that earlier trial, which are referred to above.

Defendants appealed their convictions in the earlier matter. This Court reversed Felder's conviction on the ground that a hearing should have been held to determine whether he was competent to stand trial, but affirmed the Thomas conviction. (See People v. Felder and Thomas, 101 Ill App2d 333, 243 NE2d 350.) Thomas' Petition for Leave To Appeal was thereafter allowed by the Illinois Supreme Court, and his conviction was reversed and the cause remanded for a new trial on the ground that he too should have been afforded a competency hearing. (See People v. Thomas, 43 Ill2d 328, 253 NE2d 431.)

█ In the Thomas case the Supreme Court stated, at page 332:

"Defendant's counsel faced a formidable dilemma. His relationship with Thomas was not a voluntary one and the impetus that prompts cooperation with retained counsel was lacking. The consequence of a lack of cooperation, as this case illustrates, is to deny counsel access to defendant's knowledge of the factual basis of the charges against him, or to information that might refute those charges. On the other hand, the quality of counsel's representation is open to scrutiny in subsequent proceedings. To require counsel to attempt a defense without the defendant's cooperation thus imposes a substantial burden. Such a requirement should be imposed only when the defendant's unresponsiveness is not the result of a lack of mental capacity. Before a court allows a defendant to choose not to participate in his defense, the record must show that the choice was knowingly made by one who had the ability to co-operate and was able to understand the consequences of failing to do so."

The Court also stated in the Thomas case, at page 333, that the Behavior Clinic report should not be viewed as conclusive in presence of the continuing manifestations of abnormal behavior and that the trial court should have undertaken to investigate the defendant's capacity in more detail, in order to substantiate that his choice not to cooperate was knowingly made.

█ This matter was tried in October 1966; the matter involved in the cases which were appealed was tried in May 1966. The earlier Behavior Clinic reports were returned in April 1966, and the reports returned pursuant to order of the court in the instant matter were returned in August and September 1966, the contents of which were substantially the same as that contained in the earlier reports. Finally, after the jury had returned their verdicts, defense counsel brought to the trial court's

attention the reason why the defendants refused to co-operate in their defense. We are of the opinion that the trial court should have held a hearing to determine if the defendants' choices not to assist in their defense was understandingly and knowingly made.

 This matter was tried three and one-half years ago, and it is doubtful that evidence as to the defendants' competency can be reconstructed if the matter were remanded for a hearing on competency alone. Consequently, the judgments of conviction must be reversed and the causes remanded for a new trial, at which the defendants may be afforded the opportunity to raise the question of their competence to stand trial. (See People v. Thomas, 43 Ill2d 328, 333, 253 NE2d 431.) This resolution makes it unnecessary to consider the other points raised in defendants' brief.

(Appeals from these judgments were originally filed under General Numbers 52,496 and 52,497, on defendants' Petition Filed Within a Year. In September 1967, defendants were allowed to file a Late Notice of Appeal as to both judgments, and the record thereupon came up from the circuit court and was filed under General Number 52,688. General Numbers 52,496 and 52,497 are, therefore, disposed of herewith.)

For these reasons the judgments are reversed and the causes remanded for new trials.

Judgments reversed and causes remanded with directions.

McCORMICK, P. J. and LYONS, J., concur.