The People of the State of Illinois, Plaintiff-Appellee, *v.* Donald E. Barger, Defendant-Appellant.

(No. 72-39; )

Third District—June 30, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

Robert Downs, State's Attorney, of Lewistown, (Lachlan Crissey, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

This was a prosecution for two murders. After pleas of guilty the court sentenced defendant to 60 to 90 years on each plea, the sentences to run consecutively. He appeals, contending only that the sentence the trial court imposed is excessive and should be reduced.

On February 26, 1964, the defendant was arrested for the murder of Lee Horrom and on the same day gave a statement describing how Horrom had been killed on February 22, 1964, during a scuffle over the defendant's shotgun, and how defendant had buried the body.

Two days later defendant confessed to the murder by poisoning of Robert Payne with whom he had been living. This murder occurred about eight months prior. Defendant buried the body and burned Payne's personal possessions.

At the time of sentencing the defendant was 38 years old, single, had at least one prior conviction for which he served a 5 to 20 year sentence.

The defendant argues that the trial judge made the sentences long and consecutive for the express purpose of keeping the defendant in jail for the rest of his life and that in so doing made it impossible to accomplish rehabilitation. He cites *People v. Buford,* 272 N.E.2d 738; asks that the minimum sentences be reduced to 30 years and be made concurrent.

In *Buford* the defendant was 22 years of age and while convicted of a

heinous crime, he had never before been convicted of any crime and was never previously arrested.

Here the defendant was guilty of the crimes of killing two fellow human beings for little or no purpose.

"There is no longer much debate that the ultimate objective of a sentence is the protection of society in all its broadest implications, and recognition is given to the fact that the vast majority of persons sentenced ultimately return to our society." (Craven, Sentencing, 1966 Law Forum 531.) But there are habitual offenders who are beyond rehabilitation. It can be concluded from the record in this case that the defendant belongs in this group and we will not disturb the sentences.

The judgment of the Circuit Court of Fulton County will therefore be affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.