(No. 43909.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. SAMUEL MYERS, Appellant.

*Opinion filed September 20, 1972.*

HOWARD D. JOHNSON, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-field, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ARTHUR BELKIND, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Samuel Myers, pleaded guilty on August 7, 1969, to four indictments, each of which charged him with a separate offense of unlawful possession of narcotics, and he was sentenced to concurrent terms of

imprisonment of not less than two nor more than six years. The motion of the People to dismiss his post-conviction petition was allowed, after argument but without hearing evidence, and he has appealed.

The defendant's *pro se* post-conviction petition asserted that his constitutional rights had been violated because the court accepted his plea of guilty and sentenced him "without first directing the police officer to make a showing in court of the physical evidence allegedly confiscated" from the defendant; by failing to order a hearing "to ascertain whether there was real evidence to convict in this case," and by failing to "allow the defendant to face the witnesses that were prepared to testify against him." These contentions were waived by the defendant's plea of guilty, which was entered after an admonition which was adequate under the then prevailing standards (see *People v. Moore (1970), 47 Ill.2d 60*), and which demonstrated that the defendant fully understood his constitutional rights.

Prior to the argument upon the motion to dismiss the post-conviction petition, the defendant's appointed counsel filed a document entitled "Petitioner's Objection to Respondent's Motion to Dismiss", which was treated by counsel, and the court as an amendment to the *pro se* post-conviction petition. It asserted that the defendant was sentenced "on his plea of guilty to having within his possession [a narcotic drug] which was to be used solely for his personal consumption, in violation of section 3 of Article 22 of the Illinois Criminal Code. The application of said statute to Petitioner, a non-trafficking addict, constitutes a cruel and unusual punishment in violation of the 14th Amendment to the Constitution of the United States under *Robinson v. California, 370 U.S. 660 (1962)."*

The decision in *Robinson v. California, 370 U.S. 660, 8 L.Ed.2d 758, 82 S.Ct. 1417,* was given full recognition by this court in *People v. Davis (1963), 27 Ill.2d 57.* In subsequent decisions we have frequently rejected conten-

tions which would have expanded the holding of the *Robinson* case. (See *People v. Nettles (1966), 34 Ill.2d 52, 56, cert. denied (1967), 386 U.S. 1008, 18 L.Ed.2d 448, 87 S.Ct. 1350; People v. Jackson (1968), 40 Ill.2d 143; People v. Jones (1969), 43 Ill.2d. 113.*) We adhere to that position.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*