THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK EDWARD STUDEBAKER, Defendant-Appellant.

(No. 71-205;

Third District—May 23, 1973.

John L. Barton, of Marseilles, for appellant.

Robert Richardson, State's Attorney, of Ottawa, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Frank Edward Studebaker appeals from a sentence to concurrent terms of imprisonment of 200 to 300 years for two murders, and for 25 to 50 years for armed robbery. The sentences were the result of the negotiated pleas of guilty.

The record discloses that defendant on March 28, 1971, shot Marilyn Schroeder with a .22 caliber pistol and then cut her jugular vein and carotid artery and mutilated her by cutting off her ear. He also shot Robert Schroeder, her husband, three times, and in such case also used a knife, cutting the carotid artery and jugular vein. Prior to the murders, the defendant had been drinking in the tavern in which the crimes were committed, and remained around the tavern, he said, for the purpose of committing an armed robbery. The two victims, who were employees of the tavern, were murdered, and, also, robbed, and the bodies were

mutilated by defendant as indicated. Defendant thereafter was indicted for murder of each of the individuals, and also, for armed robbery. As a result of negotiations and plea bargaining lasting a period of several months, defendant pleaded guilty to the two murders and to the armed robbery charge, and agreed to sentences which were thereafter imposed by the court as part of the plea bargaining arrangement. Defendant was represented by capable private counsel of his own choice. He apparently agreed to the concurrent sentences to avoid imposition of the death penalty.

■■ On appeal now in this court, defendant contends that the court erred in entering judgments of conviction for the two offenses of murder, and for the armed robbery. He contends that the conviction for the lesser offense of armed robbery should be reversed. The contention is based on the premise that the murders and armed robbery arose out of the same act, conduct or transaction. Defendant also contends that the concurrent sentences of 200 to 300 years for the offenses of murder are excessive and should be reduced. The State, however, points out that defendant, in seeking to avoid the death penalty, entered pleas of guilty to the two murders and to the armed robbery charge as a result of extended plea bargaining, and that because of the plea arrangement and the nature of the crimes committed, the crimes are separate offenses and that, therefore, the concurrent sentences are proper. The State also contends that defendant entered into the negotiated pleas of guilty to the two crimes of murder and the one of armed robbery with the advice of his private counsel for the purpose of avoiding a possible death sentence. The State asserts that defendant's admission that he committed the heinous crimes involved, including the mutilation of the bodies of the two victims, places defendant in a position where he cannot now complain that the concurrent sentences of 200 to 300 years for murders are excessive or should be reduced. The State says this is particularly true since defendant agreed to such sentences as part of the plea bargain.

It is apparent from the record that the crimes are vicious and demonstrated depravity. The State contends that under the factual situation as established in the cause before us, the legal principle which obtains in this case is that stated in the case of *People v. Harper*, 50 Ill.2d 295, where a defendant contended that sentences for rape and robbery were not permissible since both crimes involved the same victim and arose out of the same course of conduct. In that case the court stated (at page 302):

> "While it is true that the rape and robbery occurred in a series of acts committed at the same place and within a short time, it is equally true that they constituted separate acts involving dif-

ferent elements. As such, they were separate offenses for which concurrent sentences were both constitutionally and statutorily permissible."

In the case before us, it may be observed that the elements of the crime of murder are quite dissimilar from the elements of the offense of armed robbery. Defendant actually pleaded guilty to two counts of murder, which were not the counts charging felony murder. It is also clear that the armed robbery could have been terminated without killing the two victims. It is obvious that the murders and armed robbery did not result either from identical conduct or a single act. The violence of the murders also creates a reasonable inference that a complete change of mental attitude is shown on part of the defendant if his objective was simply robbery. As a consequence, we conclude that the multiple offenses charged and pleaded to by agreement did not arise from or occur as a result of a single act or transaction on the basis of the record before us.

In the recent case of *People v. Wilson,* 51 Ill.2d 302, defendant was found guilty of a charge of murder. In that case he was charged with murder, murder while attempting to commit burglary, and attempt to commit burglary. The defendant, with accomplices, was burglarizing a store and there shot a police officer. Defendant was found guilty on all three counts, but he was sentenced only on two counts, that is, on the murder count (to a term of 50 to 75 years) and on the attempted burglary count (to a term of 10 to 12 years), with the sentences to be served consecutively. It was shown in the record that defendant with his two accomplices had attempted to commit a burglary and shot and killed a police officer after the officer ordered them out of the building. The supreme court in that case held that the separate and consecutive sentences were independently motivated and separable. It was said by the court (at page 311):

"Obviously, the offenses of attempting to commit the burglary and of murder, of which the defendant was convicted, did not result from the same conduct or mental state."

We believe that the same situation obtains in the case before us and consequently that the negotiated plea arrangement and judgments resulting therefrom should not be reversed.

■■ On the issue of whether the concurrent sentences of 200 to 300 years for murder are excessive, we have noted that defendant had entered into the negotiated pleas of guilty to the two crimes of murder with the advice of private counsel and for the purpose of avoiding a possible death sentence. The record clearly establishes that defendant murdered and mutilated two people. Sentences of 200 to 300 years were agreed to and were part of the negotiated plea arrangement by defend-

ant. The only contention made by defendant is that these sentences frustrate any attempt at rehabilitation and that the sentences constitute an "arbitrary and oppressive" treatment. It is noted that all of the sentences, as a result of the plea bargaining arrangement, were directed to be served concurrently. While we do not believe that sentences specifying periods of time beyond normal life expectancy show a realistic approach to problems of sentencing, we conclude that we would not be justified in reducing such sentences to any number of years which would in fact authorize the release of the defendant from imprisonment during his lifetime. Any modification we should make, in state of the record, would not, we believe, affect the time defendant would serve in prison as a practical matter. We, therefore, see no practical purpose in making such modification. We are aware that any person sentenced for any term will automatically come up for consideration for parole after a period of 20 years. The double murder in the present case and the heinous nature of the crime, we believe, would clearly be manifest to parole authorities in their consideration of defendant. We have recently given consideration to a case in which sentences imposed for murder were two sentences of 60 to 90 years, with sentences to be served consecutively. (*People v. Barger,* 6 Ill.App.3d 164.) In that case, we observed, at page 165 (citing Craven, Sentencing, 1966 U.Ill.L.F. 523, 531):

> " 'There is no longer much debate that the ultimate objective of a sentence is the protection of society in all its broadest implications * * *.' "

We see a parallel to the penalty provision in the instant case in *People v. Pearson,* 52 Ill.2d 258, where the Illinois Supreme Court sustained concurrent sentences of 100 to 125 years for aggravated kidnapping; 100 to 125 years for rape; 5 to 10 years for theft, and a consecutive sentence of 10 to 15 years for attempted murder. In that case, the victim was raped by defendant and an accomplice several times and she was shot four times, but survived.

Accordingly, while we believe that sentences more realistically related to possible life expectancy in a case such as is before us would have been preferable, we do not believe that we should modify or change the sentences in any manner, as indicated in the course of the opinion.

The judgment of the circuit court of LaSalle County will, therefore, be affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.