**STATE of Iowa, Appellee,**

v.

**Marva Ann SMITH, Appellant.**

**No. 55880.**

Supreme Court of Iowa.

June 26, 1974.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

In this appeal we must decide whether a heroin addict should be permitted to set up her addiction as a defense to a charge of possession of a controlled substance (violation of what is now § 204.401 (3), The Code, 1973).

The facts are not in dispute. Defendant was arrested on a traffic charge warrant. In a police station search incident to the booking procedures, heroin and drug-use paraphernalia were found in her possession.

By pre-trial notice under § 777.18, The Code (claiming "irresistible impulse"), motion to direct verdict, objections to instructions and motion in arrest of judgment and for new trial, defendant raised her defense and preserved the alleged error in trial court's refusal to accept it.

Defendant offered expert testimony through a toxicologist and pharmacologist, and a psychiatrist, that while defendant would know the difference between right and wrong and the legal consequences of her conduct, she could not as an addict,

without help, exercise any control over seeking and possessing the drug. Trial court sustained the objection this evidence was irrelevant.

Defendant testified her addict brother started her on the drug. It took three weeks for her to become an addict. She supported her $80 per day habit by prostitution. Defendant testified she knew her possession of the drug was illegal, but she felt she needed it in order to exist.

The jury returned a verdict of guilty. On August 31, 1972 defendant was sentenced to be incarcerated for a period of one year, the sentence to be suspended during defendant's good behavior.

Defendant raises two issues in her brief relating to trial court's alleged error in rejecting her sole defense.

I. *Did trial court err in sustaining the objection to proffered expert testimony her possession of the drugs was not voluntary or willful?*

■ On the element of intent trial court properly instructed the State must prove under § 204.401(3), The Code, "That the Defendant knowingly or intentionally had in her possession heroin." Defendant complains this language does not adequately define the requisite legal intent: there must also be a voluntary, willful possession by defendant.

The defense defendant seeks to legitimize had its genesis in Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In *Robinson* an alleged addict successfully attacked a California statute which made it a misdemeanor punishable by imprisonment for any person to "be addicted to the use of narcotics." The majority found the legislation made the status of narcotic addiction a criminal offense. It held to imprison a person thus afflicted even though he had never touched a narcotic drug in California imposed a cruel and inhuman punishment in violation of Amendments 8 and 14, United States Constitution.

Following *Robinson* a number of federal courts at least intimated that decision might be extended to free the non-trafficking addict-possessor from criminal punishment. See United States v. Bishop, 469 F.2d 1337 (1 Cir. 1972); Watson v. United States, 439 F.2d 442 (D.C. Cir. 1970); United States v. Lindsey, 324 F.Supp. 55 (D.C. 1971); United States v. Ashton, 317 F. Supp. 860 (D.C. 1970).

Finally, in United States v. Moore, 486 F.2d 1139 (D.C. Cir. 1973) the federal circuit court squarely confronted the issue defendant presents here, and in a 5 to 4 plurality opinion affirmed the conviction. Although the result in *Moore* was reached through a plurality, the majority nevertheless did expressly disapprove the language in *Watson* which would support reversing this defendant's conviction.

The full panoply of arguments for and against recognition of the defense, from all viewpoints, are marshalled in the 121 pages comprising the opinions filed in *Moore*. To attempt a summary here would be duplicious and unnecessary.

■ It is sufficient, we believe, to refer to the conflicting considerations articulated in *Moore* and to state the arguments against adopting the defense are more persuasive to this court.

In this State an addict can request or obtain treatment and rehabilitation without the request or fact of treatment being used against such person in any court, grand jury or administrative proceeding. Sections 224A.2, 224A.3, The Code, 1973. Those addicts who voluntarily appear daily for assistance at treatment centers do reflect the irrelevancy of the testimony of defendant's witnesses that she cannot control her conduct by herself.

■ We hold defendant's proffered expert testimony was rightfully rejected.

II. *Is Iowa's drug possession statute unconstitutional because it creates a crime out of a status, that is, drug addiction?*

Defendant seeks to draw around the fact of her narcotic possession the comfort-

657

ing cloak of *Robinson*, supra. But the majority in *Robinson* carefully excluded drug possession from the ambit of its protection, stating, 370 U.S. at 664, 82 S.Ct. at 1419, 8 L.Ed.2d at 762:

> "A State might impose criminal sanctions, * * * against the unauthorized * * * possession of narcotics within its borders."

The constitutional distinction between proscribing status and proscribing conduct was subsequently analyzed in Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed. 2d 1254 (1968), where the majority which affirmed conviction agreed the defendant was not being punished for his alcoholic "status" or "condition," but for being drunk in a public place when the record did not disclose it was impossible for him to avoid public places while intoxicated.

The Iowa legislature obviously considered it inadequate to merely plead with addicts to seek treatment and rehabilitation: while holding out that carrot, it wielded a stick—in this case, criminal sanctions for illegal drug possession.

■ We find no present authority to hold the legislature, in the exercise of its broad police power to regulate narcotic drug traffic, cannot declare it a criminal offense for an unauthorized person to possess narcotics. Such illegal possession by defendant's brother, who is not shown in the record to have been a drug trafficker in the usual sense, led to her addiction. Defendant's case history supports society's clear interest in restricting the supply of narcotics.

Moreover, in every jurisdiction in which a defendant has claimed the drug dependency defense relied on here, it has met with uniform rejection. State v. Mendoza, 104 Ariz. 395, 454 P.2d 140 (1969); People v. Nettles, 34 Ill.2d 52, 213 N.E.2d 536 (1966); Nutter v. State, 8 Md.App. 635, 262 A.2d 80 (1970); McLaughlin v. State, 291 Minn. 277, 190 N.W.2d 867 (1971).

The judgment of the trial court is affirmed.

Affirmed.